**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

April 16, 2026

# In the Court of Appeals of Georgia

A26A0125. THOMPSON v. THE STATE.

FULLER, Senior Judge.

Following a jury trial, Ricky Thompson was found guilty of involuntary manslaughter and aggravated assault. On appeal, Thompson challenges the denial of his motion for new trial, as amended, pursuant to an order granting him an out-of-time appeal. For the reasons explained below, we vacate the trial court's order granting an out-of-time appeal and remand this case with direction.

In *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), the Supreme Court of Georgia eliminated the judicially-created out-of-time appeal procedure in trial courts and held that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became

effective on May 14, 2025. See Ga. L. 2025 at 621–23, §§ 1-3, 4-1, 4-2. Under the plain language of the statute, a trial court has jurisdiction to consider a motion for leave to file an out-of-time notice of appeal only if it is filed "within 100 days from the expiration of the time period for the filing of such . . . notice." OCGA § 5-6-39.1(a)(1), (2). The only exception to this 100-day window is in subsection (b), which extends the deadline to file such motions in criminal cases "until June 30, 2026" if the defendant previously filed a motion for an out-of-time appeal that "was dismissed based upon the Supreme Court's decision in *Cook*." OCGA § 5-6-39.1(b).

Here, Thompson's final judgment of conviction was entered in January 2023, and the trial court subsequently denied his timely motion for new trial, as amended, on February 13, 2025. No appeal was taken from that order, and the deadline to timely do so expired on Monday, March 17, 2025. See OCGA §§ 5-6-38(a) (providing that a notice of appeal must generally be filed within 30 days of entry of the order sought to be appealed); 1-3-1(d)(3) (extending the filing deadline to the next business day where, as here, it falls on a Saturday). On July 9, 2025, Thompson filed a motion seeking an out-of-time appeal pursuant to OCGA § 5-6-39.1. The trial court granted the motion, and Thompson filed a notice of appeal on July 18, 2025.

Thompson was not entitled to an out-of-time appeal under OCGA § 5-6-39.1. Because he filed the motion for leave to file an out-of-time appeal 114 days after the time to appeal expired, it was untimely under the 100-day limitation in OCGA § 5-6-39.1(a). While Thompson asserted below that subsection (b) should apply because his motion *would* have been dismissed pursuant to *Cook* had he filed it before the new statute became effective, he did not do so and thus never had a motion "dismissed based upon" *Cook*. See OCGA § 5-6-39.1(b). Consequently, Thompson's motion for an out-of-time appeal remained subject to the 100-day time limitation. Because his motion was filed outside of the 100-day limit, the trial court lacked statutory authority to grant it. See id.

Accordingly, we vacate the trial court's order granting Thompson's motion for an out-of-time appeal and remand for entry of an order dismissing the motion. See *Cook*, 313 Ga. at 506(5). Thompson's remedy, if any, lies in habeas corpus. See id.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Davis, J., concur.*